(85 Misc. Rep. 189)

### PELHAM OPERATING CO. v. FORTY-SECOND ST. & MADISON AVE. CO. et al.

(Supreme Court, Special Term, New York County. April, 1914.)

MECHANICS' LIENS (§ 254*)—ACTION TO FORECLOSE—JUDGMENT.

An owner, under an agreement reciting that on completion of certain work there would be a balance due the contractor, gave its note for $2,500 to the contractor, who indorsed it to a subcontractor, with the understanding that if the contractor did not complete the work, or if a less amount than the face of the note was due the contractor on completion of the work, the subcontractor should hold the maker of the note responsible for only so much of the work as was done. The contractor did not complete the work, and the subcontractor discounted the note at a bank without notice of the agreement. Neither the note nor the agreement was ever filed in the proper county clerk's office, as required by Lien Law (Consol. Laws, c. 33) § 15. Payment of the note was enforced by the indorsee, but before maturity of the note and prior to its payment plaintiff had filed his lien. *Held,* that plaintiff was entitled to a judgment establishing his lien, and to a personal judgment against the contractor for any deficiency.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 447, 448; Dec. Dig. § 254.*]

Action by the Pelham Operating Company against the Forty-Second Street & Madison Avenue Company and others to foreclose a mechanic's lien. Judgment ordered for plaintiff.

T. W. Foster, of New York City, for plaintiff.
Ferriss & Storck, of New York City, for defendants.

COHALAN, J. Action to foreclose a mechanic's lien. The defendant Forty-Second Street Company is the only defendant that has interposed a defense. There are two matters for determination: (1) Has the plaintiff performed the labor of the character and value set forth in its amended complaint? and (2) is the defendant Forty-Second Street Company entitled to credit itself as against the plaintiff with an item of $2,500 as a payment for the work actually performed? The proof satisfactorily shows that work to the value of $1,070 was performed, that the amount paid on account was the sum of $214.51, and that the balance due the plaintiff amounts to $855.64.

The facts with regard to the main proposition are these: The defendant Forty-Second Street & Madison Avenue Company, the owner of the premises, entered into an agreement with the Macolithic Concrete Company to do certain concrete work in the construction of the building. On the 3d day of April, 1913, the Pennsylvania Cement Company, the Forty-Second Street Company, and the Macolithic Company entered into an agreement, reciting an indebtedness of the Macolithic Company to the Pennsylvania Cement Company. The further terms expressed therein were that upon the completion of the work there would be a balance due the Macolithic Company from the Forty-Second Street Company; that the Forty-Second Street Company should give to the Macolithic Company its note for $2,500 of that date, payable in one month; that this note was to be indorsed by the Maco-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lithic Company to the Pennsylvania Cement Company, with the express understanding that if the former company did not complete its contract, or if a less amount than $2,500 was due the Macolithic Company upon the completion of the work, the Pennsylvania Cement Company should agree to hold the Forty-Second Street Company responsible on the note for only so much work as had been done. The Macolithic Company did not complete the work. The note was delivered to the Macolithic Company, and by it indorsed, as agreed, to the Pennsylvania Cement Company, which indorsed it for discount to the Colonial Bank, and without any notice to the bank of the agreement. On the 30th day of April, 1913, the plaintiff advised the Forty-Second Street Company not to pay the note and the latter company stopped payment thereon. However, after suit was instituted, the amount due on the note was paid on the 19th day of June, 1913.

The plaintiff contends that this transaction does not prove or tend to prove a payment to the Macolithic Company or for its account for which the Forty-Second Street Company is entitled to credit as against the plaintiff, which filed its lien on April 28, 1913, and which was before the note became due on the 5th day of May, and prior to its payment on the 22d day of June, 1913. In a word, the plaintiff asserts that the note and the agreement together constitute the transaction which took place between the parties—the Forty-Second Street Company, the owner of the premises, the contractor, the Macolithic Company, and the subcontractor, the Pennsylvania Cement Company. Neither the note nor the agreement was ever filed in the office of the clerk of the county of New York (Lien Law, § 15). I am inclined to hold with the plaintiff that the transaction was equivalent to an assignment to the extent of $2,500 by the Macolithic Company to the Pennsylvania Cement Company of the moneys found to be due on the completion of the work. If the Pennsylvania Company had presented the note at maturity, there would have been no obligation on the part of the Forty-Second Street Company to pay it, except out of moneys then due, if any, to the Macolithic Company, subject to the intervening rights acquired by other creditors. One of these creditors was the plaintiff, which secured rights through its lien filed on the 28th day of April, 1913.

The rule of law is that, when the owner gives an absolute obligation, it is tantamount to a payment; but that situation does not exist in this case. It cannot be said that the Forty-Second Street Company intended the note to be a payment of $2,500, or any specific sum, when it was expressly agreed that it should be held responsible on the note only for a sum, which could not be determined until a future date, and which might prove to be much less than $2,500. The Pennsylvania Company borrowed from its bank on the note $2,500, and the bank having compelled the Forty-Second Street Company to subsequently pay it the Pennsylvania Cement Company's obligation to the bank on the discount has been satisfied; hence it has gained $2,500 by the transaction. If it had kept the note, as was contemplated by the agreement, the $1,460 due the Macolithic Company at the completion of the work would have been applicable in the first place to pay the plaintiff's

lien of $860.35, and the Pennsylvania Cement Company would have been entitled to the balance of $600. The plaintiff should not suffer by the violation of the terms of the agreement made by the Pennsylvania Cement Company. It has a valid lien upon the amount deposited in court, and is entitled to a personal judgment against the Macolithic Company for any remaining deficiency.

Ordered accordingly.